JOHN PAULDING and another *v.* THE HUDSON MANUFACTURING COMPANY.

A Justice's Court, having jurisdiction of the subject matter, may acquire jurisdiction over the defendants, in a suit commenced therein against a foreign corporation, by the voluntary act of the corporation in appearing and pleading to the merits.

A SUMMONS was issued in this case out of the Second District Court, against the defendants, a corporation created by the laws of the state of New Jersey, having an office for the transaction of business in this city. On the return day, the plaintiffs and the defendants appeared by their respective attorneys. A complaint was put in by the plaintiffs, as assignees of the claim of a surveyor, for services in that capacity and for the preparation of a map. The defendants answered. The cause afterwards proceeded to trial, and resulted in a judgment for the plaintiffs, from which the defendants appealed.

*William R. Leam*, for the appellants.

*John Paulding*, for the respondents.

By the Court. Woodruff, J.—Had not the defendants appeared and pleaded to the merits, it is clear that the justice would have had no jurisdiction.

A foreign corporation cannot be compelled to appear in a Justice's Court. But such a corporation may voluntarily appear and submit themselves to the jurisdiction of that court, as well as any other, and if the court, in such case, have jurisdiction of the subject matter, its proceedings thereon will bind the defendants. By such appearance, therefore, and by answering to the merits, the defendants waived the objection which otherwise would have been fatal to the plaintiffs' action. (*Robinson* v. *West*, 1 Sandf. Sup. Ct. R. 19, and cases cited; *Smith* v. *Elder*, 3 J. R. 105; 1 Cow. 209; *Wright* v. *Jeffrey*, 5 Cow. 15; *Bixby* v. *Winchell*, 8 Cow. 366; *Allen* v. *Edwards*, 3 Hill, 501; *Burckle* v. *Eckhart*, 3 Comst. 137.)

.     The judgment should be affirmed, with costs.